Joseph VICKERY; Dawn
Vickery, Appellants,

v.

UNITED MEDICAL RESOURCES,
INC., Appellee.

No. 94–1868.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1994.

Decided Dec. 29, 1994.

---

1. Like the BRB, we need not reach the issue of whether Heskin's back condition was an injury or an occupational disease.

Kenneth A. Leeds, Clayton, MO, argued, for appellants.

Robert Krehbiel, St. Louis, MO, argued, for appellee.

Before FAGG, WOLLMAN and HANSEN, Circuit Judges.

FAGG, Circuit Judge.

After Dawn Vickery and her infant daughter incurred large medical bills from an automobile accident, Dawn and her husband Joseph submitted the bills to United Medical Resources, Inc. (UMR), asserting the bills were covered under an employee benefit plan administered by UMR. When UMR refused to pay, the Vickerys filed this lawsuit in Missouri state court to recover their medical bills. The Vickerys also requested additional damages for UMR's vexatious refusal to pay the medical bills. *See* Mo.Rev.Stat. § 375.420 (1986). UMR removed the lawsuit to federal court as a case governed by the

Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461 (1988), and moved for summary judgment. The district court concluded ERISA preempts the Vickerys' vexatious refusal to pay claim and, believing that was the only claim for relief in the complaint, granted summary judgment for UMR. The Vickerys appeal. We affirm in part and reverse in part.

The Vickerys concede ERISA preempts their vexatious refusal to pay claim. *See In re Life Ins. Co. of N. Am.*, 857 F.2d 1190, 1194–95 (8th Cir.1988). They contend summary judgment was nevertheless improper because the remainder of their complaint states an ERISA-based cause of action to enforce UMR's obligation to pay the Vickerys' medical bills under an employee benefit plan. We agree. Although the complaint does not specifically assert that the Vickerys seek to recover ERISA-governed benefits, it does allege Dawn Vickery was "covered by a health insurance plan administered by [UMR]," and she "incurred medical expenses [that] remain unpaid and for which [UMR] is responsible." Because these allegations are adequate to invoke ERISA and notify UMR of the basis for the Vickerys' claim, the complaint states an ERISA claim without expressly pointing to the ERISA statute. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1077–78 (7th Cir.1992) (having put adversary on notice, complaint need not specify a legal theory); *Greenwood v. Ross*, 778 F.2d 448, 454–55 (8th Cir.1985) (same). Indeed, UMR characterized the case as "a suit by a beneficiary to recover benefits allegedly owing from an ERISA regulated plan" when UMR removed the case to federal court. In these circumstances, it would be overly formalistic to hold the Vickerys have failed to state a claim under ERISA. *See* Fed. R.Civ.P. 8(a); *Bartholet*, 953 F.2d at 1077–78.

Accordingly, we affirm the district court's decision granting summary judgment for UMR on the Vickerys' vexatious refusal to pay claim, but reverse and remand the case with instructions to reinstate the Vickerys' complaint for further proceedings on their claim for benefits due under an employee benefits plan.

HANSEN, Circuit Judge, concurring.

I concur in the result in this case only because I do not believe that UMR can have it both ways. That is, UMR can not remove the case from state court on the basis that the stated claim was "to recover benefits allegedly owing from an ERISA regulated plan", and then once in federal court move for summary judgment because an ERISA claim was not stated. Were the question simply whether or not the Vickerys had stated an ERISA claim I would affirm the district court. The removed unamended state court petition for damages contains not a single clue that the insurance plan sued under is an ERISA regulated plan.