**Irene MURPHY,**

v.

**METROPOLITAN LIFE INSURANCE CO.**

No. Civ.A 01–1351.

United States District Court, E.D. Pennsylvania.

May 25, 2001.

Brian P. Pincus, Kanter, Bernstein & Kardon, Philadelphia, PA, for Irene Murphy.

E. Thomas Henefer, Stevens and Lee, Reading, PA, for Metropolitan Life Insurance Company.

## MEMORANDUM

BARTLE, District Judge.

Plaintiff seeks benefits under a group disability policy issued by defendant Metropolitan Life Insurance Company ("Metropolitan") to plaintiff's employer Sears, Roebuck and Co.[1] The complaint, which alleges breach of contract, and violations of Pennsylvania's bad faith statute, 42 Pa. Cons.Stat.Ann. § 8371, and its Unfair Trade Practices and Consumer Protection Law, Pa.Stat.Ann. tit. 73, § 201–1 *et seq.*, was originally filed in the Court of Common Pleas of Philadelphia County. Metropolitan removed the action to this court on the ground that the claims involved are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

Metropolitan now moves to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. It contends that plaintiff has no viable state law claims due to ERISA preemption. It also asserts that leave to amend the complaint properly to state an ERISA claim would be futile because the action is time barred.

For purposes of ruling on this motion, we accept as true the well-pleaded factual allegations in the complaint and draw any reasonable inferences from them in plaintiff's favor. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). We may consider documents not formally attached to the complaint in deciding a Rule 12(b)(6) motion to dismiss when the complaint relies upon those documents and authenticity is unchallenged. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997).

Plaintiff began receiving disability benefits on October 1, 1987, but, effective February 1, 1996, such benefits were terminated. According to an October 15, 1997 letter plaintiff received from Metropolitan and attached to her brief in opposition to defendant's motion to dismiss, plaintiff appealed the termination of benefits to Metropolitan on March 22, 1996. On August 5, 1996, Metropolitan upheld its decision. In an October 6, 1997 letter, plaintiff requested Metropolitan to review her claim and its 1996 decision and in support enclosed "medical evidence." On October 15, Metropolitan rejected this latest appeal as untimely. It further advised plaintiff, "No further review or appeal of the denial will be considered." Plaintiff commenced the instant action apparently by writ of summons in the Court of Common Pleas in January, 2000. The complaint was not filed until March 9, 2001.

Since plaintiff has sued as a beneficiary under a group policy issued by her employer, her action is governed by ERISA. Thus, her three state law claims are preempted. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Under ERISA, however, there are two types of preemption, express and complete, and

---

1. The group insurer was originally Allstate Life Insurance Co. In 1989, Metropolitan replaced Allstate as the insurer under the policy.

the distinction is significant here. ERISA's express preemption provision, § 514(a), provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). "State-law claims that are subject to express preemption are displaced and thus subject to dismissal." *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir.1999), *cert. denied*, 530 U.S. 1242, 120 S.Ct. 2687, 147 L.Ed.2d 960 (2000). Both plaintiff's statutory state law bad faith and consumer protection claims "relate to" an employee benefit plan and are expressly preempted by § 514(a). *See Pilot Life*, 481 U.S. at 48, 107 S.Ct. 1549; *Norris v. Continental Cas. Co.*, Civ. A. No. 00–1723, 2000 WL 877040 (E.D.Pa. June 28, 2000); *Tutolo v. Independence Blue Cross*, Civ. A. No. 98–CV–5928, 1999 WL 274975 (E.D.Pa. May 5, 1999). We will therefore dismiss Counts II and III of plaintiff's complaint with prejudice.

■ Plaintiff's breach of contract claim in Count I also "relates to" an employee benefit plan, but because it falls "within the scope of ERISA's civil-enforcement provisions," it is subject to what is known as the complete preemption doctrine. *U.S. Healthcare*, 193 F.3d at 161. Section 502(a)(1)(B) of ERISA provides a cause of action for beneficiaries who seek to "recover benefits due" or to "clarify ... rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). State law claims that fall within the scope of § 502 are removable to federal court, whereas expressly preempted claims are not. Thus, complete preemption "operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *Id.* at 160. In other words, completely preempted claims are converted into federal claims instead of being "displaced" like expressly preempted claims. Our Court of Appeals has made clear that "[c]laims that are completely preempted are 'necessarily federal in character,' and thus are converted into federal claims." *Id.* Such claims are removable to this court.

■ What is not clear is whether a completely preempted claim should be dismissed with leave to amend to state explicitly an ERISA claim or whether it should simply be converted into an ERISA claim. *See Gould v. Great–West Life & Annuity Ins. Co.*, 959 F.Supp. 214, 219 (D.N.J. 1997). Decisions in this district have done both. For example, in *Cecchanecchio v. Continental Casualty Co.*, Civ. A. No. 00–4925, 2001 WL 43783 (E.D.Pa. Jan.19, 2001), the court dismissed plaintiff's completely preempted claims, but granted leave to file an amended complaint bringing claims for relief under ERISA. On the other hand, in *Delong v. Teacher's Insurance and Annuity Association*, Civ. A. No. 99–1384, 2000 WL 426193 (E.D.Pa. Mar.29, 2000), the court simply converted plaintiff's completely preempted claims into federal claims under ERISA. Several circuit courts have endorsed the latter approach. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992); *Carland v. Metropolitan Life Ins. Co.*, 935 F.2d 1114 (10th Cir.1991).

Keeping in mind that we are to construe pleadings "so as to do substantial justice," Fed.R.Civ.P. 8(f), we think the more practical as well as the speedier and less expensive approach is to convert plaintiff's claim into an ERISA claim. *See* Fed. R.Civ.P. 1. It is obvious from the language of Count I that plaintiff is seeking to recover benefits allegedly due under her employer's disability plan. Further, as part of the relief requested in Count I, she seeks a declaration that she is entitled to

continuing disability benefits. These allegations clearly state a claim for relief under § 502 of ERISA even though there is no specific reference to the statute. We will thus treat Count I of plaintiff's complaint as setting forth an ERISA claim.

■ We now turn to the question whether plaintiff's ERISA claim is barred by the limitations period contained in the insurance contract.

The contract's "Proof of Loss" provision reads:

> For periodic payment for a continuing disability, written proof covering the occurrence, character, and extent of loss must be given to [Metropolitan] at its Home Office within 90 days after the end of each period for which benefits are payable, or less frequently if requested by [Metropolitan].

> If it was not reasonably possible to give written proof in the time required, [Metropolitan] may not deny the claim for this reason if the proof is filed as soon as reasonably possible. In all cases however, the proof required must be given no later than one year from the time specified unless you were legally incapacitated.

Under the heading "Legal Actions," the policy provides:

> No actions at law or in equity may be brought to recover under these provisions within 60 days after Proof of Claim has been furnished or after 3 years from the expiration of the time in which Proof of Claim is required.

The contract itself nowhere defines the term "proof of claim" and uses it only in the Legal Action section.

In the section entitled "Claim forms," it sets forth time frames for "notice of your claim" but nothing is said about "proof of claim." It then states:

> Upon receiving notice of a claim, [Metropolitan] will send you forms for filing proof of loss. If these forms are not given to you within 15 days, you will meet the proof of loss requirements by filing with [Metropolitan] at its Home Office, a written statement of the nature and extent of the loss within the time limit stated in the "Proof of Loss" paragraph. Forms for filing a claims can also be obtained from your Personnel Department or Unit Manager.

■ While *notice* of claim and *proof* of claim are two different concepts, we view the term *proof of loss* and *proof of claim* to be synonymous here. We must interpret a contract in a common sense fashion. *See New Castle County v. Hartford Accident and Indem. Co.*, 970 F.2d 1267, 1270 (3d Cir.1992); *St. Paul Fire and Marine Ins. Co. v. U.S. Fire Ins. Co.*, 655 F.2d 521, 524 (3d Cir.1981). We can conceive of no meaningful difference in law or in the understanding of the layperson between these two terms. The key word is *proof.* When proof is submitted, one does not differentiate between loss and claim. Indeed, in her October 6, 1997 letter, plaintiff refers to her "disability *claim* " and then continues, "I hope this letter along with the medical evidence included will help to certify my medical condition."

Metropolitan argues that plaintiff's claim is untimely because the plan's contractual limitation of action provision requires any action to be brought within "three years from the expiration of the time in which proof of claim is required." Under the policy, proof of loss, which is synonymous with proof of claim, "must be made within 90 days after the end of each period for which benefits are payable, or less frequently if requested by [Metropolitan]." Metropolitan urges us to interpret the policy as requiring proof of loss in February, 1996, when the denial of plaintiff's benefits

occurred. Under Metropolitan's theory, this action should have been filed within three years after February, 1996, or at the outside within three years and 90 days after this date. As noted above, the action was not instituted until January, 2000.

We cannot agree with defendant's interpretation due to the decision of our Court of Appeals in *Hofkin v. Provident Life & Accident Insurance Co.*, 81 F.3d 365 (3d Cir.1996). In that case the court examined a long-term disability policy with provisions essentially identical to the ones at issue here.[2] The "Proofs of Loss" clause at issue in *Hofkin* mirrored the language required under Pennsylvania law:

> Proofs of Loss: Written proof of loss must be furnished to the insurer at its said office in case of claim for loss for which this policy provides any periodic payment contingent upon continuing loss within ninety days after the termination of the period for which the insurer is liable....

Pa.Stat.Ann. tit. 40, § 753(A)(7). The "Legal Actions" provision also complied with state law, requiring any action to be brought within three years of the time in which proof of loss must be made. *See* Pa.Stat.Ann. tit. 40, § 753(A)(11).

The court "interpreted the phrase 'period for which the insurer is liable' to require the insured to submit proofs of loss within ninety days after the termination of a continuous period of disability, rather than on a monthly basis during the entire period of disability." *Hofkin*, 81 F.3d at 367. In other words, so long as the disability exists, the time for bringing suit does not begin to run, even though at least theoretically decades could pass before any legal action is filed. In interpreting the phrase to "encompass the entire length of an ongoing period of disability," the court

rejected the insurance company's position that the "Legal Actions clause's three-year limitation period would begin to run after the expiration of the ninety-day period following the first month for which benefits are at issue." *Id.* at 372.

We see no meaningful distinction between *Hofkin* and the case before us. The language in Metropolitan's policy, "period for which benefits are payable," is for all intents and purposes the same as the language in *Hofkin*, "period for which the insurer is liable." Moreover, although *Hofkin* dealt with a state law claim and we are addressing an ERISA claim, the resolution of the issue in *Hofkin* turned on contractual interpretation. We can think of no reason why our Court of Appeals would interpret an essentially identical contractual provision here differently simply because it is contained within an ERISA plan. Since ERISA does not contain a statute of limitations for actions under § 502, we turn to the analogous state law limitation period. *See Gluck v. Unisys Corp.*, 960 F.2d 1168, 1179 (3d Cir.1992). Here, Pennsylvania law provides for the same limitation period as is written into the group insurance contract. *See* Pa.Stat.Ann. tit. 40, § 753(A).

Under *Hofkin*, since plaintiff has alleged she has a continuing disability she is not *required* to submit proof of loss at this time because the "period for which benefits are payable" has not yet concluded. Moreover, the fact that plaintiff has filed a proof of loss does not trigger the legal actions clause because "[n]othing in [the policy's] language suggests that [plaintiff] should be penalized for at least attempting ... to provide proofs of loss at an earlier time than is required...." *Hofkin*, 81 F.3d at 374. Accordingly, plaintiff's claim under § 502 of ERISA is not time barred.

**2.** As required under Pennsylvania law, both plans', "proof of loss" and "legal actions" provisions mimic the language of Pa.Stat.Ann. tit. 40, §§ 753(A)(7) and (11).

Metropolitan's motion to dismiss will be denied as to Count I of the complaint and granted as to Counts II and III.