**Toni TERMINI, individually, and as Executor of the Estate of Salvatore Termini, deceased, Plaintiff,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, and Cigna Group Insurance Companies, a subsidiary of Cigna Corporation, Defendants.**

No. 2:06 CV 591.

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 8, 2006.

Daniel M. Schieble, Esq., Philip J. Infantino, III, Esq., Richard H. Matthews, Esq., Pender & Coward PC, Virginia Beach, VA, for Plaintiff.

Eric W. Schwartz, Esq., John C. Lynch, Esq., John S. Hubbard, Esq., Troutman Sanders LLP, Virginia Beach, VA, for Defendant Life Insurance Company of North America.

## MEMORANDUM OPINION

REBECCA BEACH SMITH, District Judge.

This matter is before the court on plaintiff's motion to remand the case to state court, defendant Life Insurance Company of North America's ("LINA") motion to dismiss for failure to state a claim, and plaintiff's motion for leave to amend. For the reasons stated below, plaintiff's motion to remand is **DENIED**, LINA's motion to dismiss is **GRANTED–IN–PART** and **DE-NIED–IN–PART**, and plaintiff's motion for leave to amend is **GRANTED**.

### I. Factual and Procedural History

Plaintiff, as beneficiary of a decedent formerly employed by Electric Power Research Institute ("EPRI"), brought the present action seeking accidental death and dismemberment benefits under an employee benefits plan that LINA issued to EPRI and administered.[1]

For a number of years leading up to the date of his death on May 11, 2005, plaintiff's husband Salvatore Termini ("the decedent") was an employee of EPRI and participated in the company's group accidental death and dismemberment plan. Under the terms of the plan, LINA is obligated to pay benefits to eligible persons for the death or loss from bodily injuries "[c]aused by an accident which happens while an insured is covered by this policy." On January 1, 2004, LINA issued a renewal accidental death and dismemberment policy to the decedent, which provided $500,000.00 in coverage. The decedent listed plaintiff as the beneficiary of this policy.

On April 30, 2005, while the policy was in full force and effect, the decedent sustained injuries as a result of a fall while jogging. Because of the fall, the decedent suffered a basilar skull fracture and subarachnoid hemorrhage. After this incident, the decedent became unconscious and had a hypoxic event, which led to cardiac arrhythmia and eventually his death on May 11, 2005.

Following the decedent's death, EPRI, on behalf of plaintiff, applied for the proceeds of the policy on or about June 27, 2005. On July 13, 2005, LINA denied the benefits. On August 2, 2005, plaintiff furnished LINA with the identity and location of an eyewitness to the decedent's fall. On November 15, 2005, LINA denied the benefits without interviewing the eyewitness or contacting the decedent's physicians. On December 3, 2005, plaintiff appealed

---

1. Plaintiff named "CIGNA Group Insurance Companies" as a defendant and alleged that it acted as the third-party administrator of plaintiff's claim. However, LINA stated in its notice of removal and motion to dismiss that there is no such legal entity. LINA acknowledged that it alone issued and administered the group insurance policy at issue and provided that it is the only proper defendant.

this decision, but on April 7, 2006, LINA upheld its denial of the claim.

On August 28, 2006, plaintiff filed a five-count complaint against defendants LINA and CIGNA Group Insurance Companies in the Circuit Court for the City of Chesapeake. Plaintiff's complaint asserts four causes of action against LINA: (1) breach of contract; (2) promissory estoppel; (3) equitable estoppel; and (4) bad faith. Plaintiff's complaint also asserts one cause of action, tortious interference with contractual relations and prospective economic advantage, against CIGNA Group Insurance Companies. Plaintiff seeks $500,000.00 in compensatory damages against LINA and CIGNA Group Insurance Companies, jointly and severally. Plaintiff seeks $750,000.00 in compensatory damages and $350,000.00 in punitive damages against CIGNA Group Insurance Companies. In addition, plaintiff seeks costs, expenses, and reasonable attorneys' fees.

On October 23, 2006, LINA removed this action to the United States District Court for the Eastern District of Virginia, asserting that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1441(a) as plaintiff's claims are governed by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.[2] In addition, on October 30, 2006, LINA filed a motion to dismiss and memorandum in support of this motion. On November 8, 2006, plaintiff filed a motion to remand, brief in support of remand, brief in opposition to LINA's motion to dismiss, motion for leave to amend, and brief in support of motion for leave to amend. On November 15, 2006, LINA filed a reply to plaintiff's brief in opposition to LINA's motion to dismiss. On November 16, 2006, LINA filed its brief in opposition to plaintiff's motion to remand and brief in opposition to plaintiff's motion for leave to amend. Accordingly, the three motions are now ripe for review.

## II. Analysis

### A. Motion to Remand

■ Because the court must first determine whether it has proper subject matter jurisdiction over this case, the court will first address plaintiff's motion to remand. A court must remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). The party who is seeking removal bears the burden of establishing federal jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

■ The district court will have subject matter jurisdiction over a civil action if a federal question exists. See 28 U.S.C. § 1331. A district court has federal question jurisdiction if the civil action arises "under the Constitution, laws, or treaties of the United States." Id. It is well-settled that "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metro. Life Ins. Co. v. Taylor, 481

---

**2.** As previously stated, LINA, in removing this action, noted that no corporation by the name of "CIGNA Group Insurance Companies" exists. LINA thus did not have to secure this non-entity's consent for removal. Because there is no entity named CIGNA Group Insurance Companies and plaintiff did not rebut this argument in any of its pleadings, the court considers LINA as the only proper defendant. LINA issued the group insurance policy and has acknowledged it administered the claims. See supra note 1; see also Crews v. Long Term Disability Income Ins. for Employees of Lowe's Cos., No. 5:00cv59–H, 2000 WL 1811608, *1 (W.D.N.C. Oct. 5, 2000) (noting that LINA made a similar argument that no corporations existed by the names of "CIGNA Group Insurance" and "CIGNA Companies" in a case which had been removed from state to federal court).

U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). A federal defense, such as preemption, may generally not form the basis for removal. *See Smith v. Logan*, 363 F.Supp.2d 804, 808 (E.D.Va.2004) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). "However, if a state law cause of action has been *completely* preempted by federal law, any claim based on the completely preempted state law is considered a federal claim arising under federal law." *Id.* (citing *Caterpillar Inc.*, 482 U.S. at 393, 107 S.Ct. 2425). The Fourth Circuit has confirmed that this complete preemption exception to the well-pleaded complaint rule applies to removal in the ERISA context. *See Makar v. Health Care Corp.*, 872 F.2d 80, 82 (4th Cir.1989).

Plaintiff urges the court to remand the instant action to state court, because her complaint only expressly seeks damages under state law.[3] Pl.'s Br. in Supp. of Mot. for Remand at 1–2. Defendant counters that its removal of this action is proper, arguing that ERISA governs the group insurance policy at issue and completely preempts plaintiff's state law claims. Def.'s Br. in Opp'n to Pl.'s Mot. for Remand at 3–7. In order to properly resolve these issues, the court must determine whether ERISA governs EPRI's group insurance policy, and if so, whether ERISA completely preempts plaintiff's state law claims.

**1. Whether ERISA Governs EPRI's Group Insurance Policy**

■ Plaintiff contends that ERISA does not preempt her state law claims because EPRI's group insurance policy does not constitute an "employee welfare benefit plan" as defined by ERISA. Pl.'s Br. in

Supp. of Mot. for Remand at 2. "With few exceptions not relevant here, ERISA applies to all employee benefit plans that are established or maintained by an employer 'engaged in commerce or in any industry or activity affecting commerce.'" *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 417 (4th Cir.1993) (quoting 29 U.S.C. § 1003(a)). In particular, ERISA defines an "employee welfare benefit plan" as

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer ..., to the extent that such a plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... benefits in the event of sickness, accident, disability, death or unemployment ....

29 U.S.C. § 1002(1). Under this definition, the employer must pay or manifest an intention to provide benefits to employees or their beneficiaries. *See Custer*, 12 F.3d at 417. "The existence of a plan may be determined from the surrounding circumstances to the extent that a 'reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.'" *Id.* (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir.1982) (en banc)). Thus, to determine whether ERISA applies, the Fourth Circuit has broken the statutory definition down into five elements: (1) a plan, fund, or program; (2) established or maintained; (3) by an employer; (4) for the purpose of providing benefits in the event of sickness, accident, disability, or death; (5) to participants or their beneficiaries. *See Madonia v. Blue*

---

**3.** Plaintiff did not assert any procedural defects with LINA's notice of removal. Because plaintiff did not object to any procedural defects in her motion to remand, plaintiff has waived any defects that might exist outside of subject matter jurisdiction. *See Winter v. Bassett*, No. 1:02cv382, 2003 WL 22014605, *1 n. 2 (M.D.N.C. Aug. 19, 2003), *aff'd*, 157 Fed. Appx. 653 (4th Cir.2005) (per curiam) (unpublished).

*Cross & Blue Shield,* 11 F.3d 444, 446 (4th Cir.1993).

Plaintiff fails to present an argument that any of the aforementioned elements are lacking in this case. Instead, plaintiff summarily argues that the accidental death and dismemberment plan is not governed by ERISA. Pl.'s Br. in Supp. of Mot. for Remand at 2. The court finds, however, that the record clearly demonstrates that ERISA governs EPRI's group insurance policy. EPRI, as an employer, purchased and obtained the policy for the benefit of its full-time employees who work at least twenty hours per week. The policy itself provided procedures for making claims and obtaining benefits. Notably, EPRI filed the claim at issue on behalf of plaintiff in this case. In addition, the accidental death and dismemberment policy benefits were of the type described in 29 U.S.C. § 1002(1) (accident). *See Clark v. Metro. Life Ins. Co.,* 384 F.Supp.2d 894, 895 (E.D.Va.2005) (noting that ERISA governed an employee benefits plan provided by an employer that issued accidental death and dismemberment policies to employees). EPRI also filed the proper forms with the Department of Labor as required by ERISA. Furthermore, the decedent expressly designated plaintiff as the sole beneficiary of his policy. Finally, the plan's benefits were provided to employees by virtue of their employment with EPRI.

Plaintiff's reliance on *Carbonell v. Northwestern Mutual Life Insurance Co.,* 905 F.Supp. 308 (E.D.N.C.1995), and *ELCO Mechanical Contractors, Inc. v. Builders Supply Ass'n,* 832 F.Supp. 1054 (S.D.W.Va.1993), to support remand is misplaced. Although plaintiff argues that these cases require remand, this court notes that both are factually distinguishable and do not apply to the instant action. In *Carbonell,* the district court found that an employer's life and disability insurance policy did not constitute an "employee welfare benefit plan" under ERISA, because it only covered one employee, the sole shareholder of a professional corporation, and was not available to other employees. 905 F.Supp. at 311. Likewise, in *ELCO Mechanical Contractors, Inc.,* the district court held that an employer's health insurance policy did not qualify as an "employee welfare benefit plan" under ERISA, because it involved a "multiple employer welfare arrangement" in which the employer had no direct involvement in administering the plan. 832 F.Supp. at 1056–58. Because this action involves a group insurance policy that was available to all of EPRI's full-time employees working over twenty hours per week and does not involve a "multiple employer welfare arrangement" without employer oversight, these cases do not support plaintiff's motion to remand. In sum, EPRI's plan unquestionably meets all of the five prongs of the *Madonia* test and therefore constitutes an ERISA "employment welfare benefit plan." [4]

### 2. Whether ERISA Completely Preempts Plaintiff's State Law Claims

Having decided that ERISA governs EPRI's group insurance policy, the court must now determine whether ERISA completely preempts plaintiff's state law claims. The Fourth Circuit has noted that "[i]t is frequently observed that the force of ERISA's preemption is strong and its scope wide." *Custer v. Pan Am. Life Ins. Co.,* 12 F.3d 410, 418 (4th Cir. 1993). Section 514(a) of ERISA provides

---

**4.** In plaintiff's response to LINA's motion to dismiss, she essentially admitted that ERISA governs the group policy at issue when she argued that the court should not dismiss her claims because she "has stated a complaint for recovery under ERISA." Pl.'s Br. in Opp'n to Mot. to Dismiss at 6.

that ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ...." 29 U.S.C. § 1144(a). This broad preemption clause thus provides a federal defense to all common law claims that "relate to" an employee benefit plan. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The Supreme Court has stated that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

■ Because Congress has preempted a field defined by claims relating to ERISA plans, "ERISA precludes the prosecution of preempted state law claims that are not otherwise saved from preemption under § 514(b)(2)(A) *unless they fall within the scope of the exclusive civil enforcement mechanism provided by § 502(a) of ERISA, 29 U.S.C. § 1132(a), in which case they must be treated as federal causes of action under § 502(a)*." *Marks v. Watters*, 322 F.3d 316, 322–23 (4th Cir.2003) (emphasis added). "Section 502(a) authorizes participants or beneficiaries to file civil actions to, among other things, recover benefits, enforce rights conferred by an ERISA plan, remedy breaches of fiduciary duty, clarify rights to benefits, and enjoin violations of ERISA." *Id.* at 323. To summarize, "if a state-law claim preempted by § 514 is not included within the scope of § 502(a), the claim is susceptible to a § 514 defense" and is subject to dismissal, whether it is brought in state or federal court. *Id.* However, if a state law claim brought in state court falls within the scope of § 502(a), it is completely preempted, can be treated as a federal cause of action, and thus may be removed to federal court. *See id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66–67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)); *see*

*also Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (concluding that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted"). Accordingly, the Fourth Circuit has held that when a plaintiff's state law claims amount to a demand for past benefits under an ERISA plan, those state law claims are preempted and become exclusively a federal cause of action. *Custer*, 12 F.3d at 418.

■ This court has recently noted that "a state law claim will be completely preempted by ERISA if the person could have brought the claim under § 502(a)(1)(B) and there is 'no independent legal duty that is implicated by the defendant's actions.'" *Smith v. Logan*, 363 F.Supp.2d 804, 809 (E.D.Va.2004) (quoting *Aetna Health Inc.*, 542 U.S. at 210, 124 S.Ct. 2488). This court stated that under the Fourth Circuit's test for complete preemption under § 502(a), the plaintiff must have (1) standing, (2) the claim must fall within the scope of ERISA's civil enforcement provision § 502(a), and (3) the claim must not be capable of resolution without interpretation of the ERISA plan. *See id.* (citing *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372 (4th Cir.2003)).

■ In her motion to remand, plaintiff failed to specifically address whether her claims fell within the scope of § 502(a)'s civil enforcement provision. Upon review of the instant complaint, this court determines that plaintiff's state law claims do amount to a demand for past benefits of an ERISA plan and are appropriately preempted by ERISA. First, plaintiff, as a beneficiary, has standing to bring an ERISA claim. ERISA defines "beneficiary" as a "person designated by a partici-

pant ..., who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). The participant in this case, the decedent, expressly named plaintiff as the sole beneficiary of his accidental death and dismemberment policy. Thus, plaintiff has standing to bring an ERISA claim.

■ Second, plaintiff's state law claims amount to a demand for past benefits of an ERISA plan and are within the scope of § 502(a). The very nature of plaintiff's claims—breach of contract, promissory estoppel, equitable estoppel, tortious interference with contractual right or business expectancy, and bad faith—indicate that the benefit she wishes to recover is those funds guaranteed under the policy. Furthermore, plaintiff seeks $500,000.00 in damages from LINA, the value of the policy. Case law from this circuit confirms that complete preemption is appropriate when plaintiffs assert state law claims that merely seek to enforce rights under ERISA plans. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 195 (4th Cir.2002) (holding that ERISA preempts plaintiff's state law claim for breach of contract); *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1010 (4th Cir.1996) (explaining that plaintiff properly conceded that its state law claim for promissory estoppel fell within ERISA's broad preemption provision); *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 58 (4th Cir.1992) (stating that plaintiff conceded that ERISA preempted state common law cause of action based upon equitable estoppel); *Makar v. Health Care Corp. of Mid–Atlantic (Carefirst)*, 872 F.2d 80, 82 (4th Cir.1989) (stating that

any argument that plaintiff's state law claim for bad faith was not preempted by ERISA would be "frivolous"); *Salomon v. Transamerica Occidental Life Ins. Co.*, 801 F.2d 659, 660 (4th Cir.1986) (finding that ERISA preempted plaintiff's state common law claims of breach of contract and estoppel); *Holland v. Burlington Indus., Inc.*, 772 F.2d 1140, 1147 (4th Cir. 1985) (same); *Smith v. Logan*, 363 F.Supp.2d 804, 810 (E.D.Va.2004) (noting that ERISA completely preempts plaintiff's state law claim for tortious interference with contractual right or business expectancy); *Lamberty v. Premier Millwork & Lumber Co.*, 329 F.Supp.2d 737, 742 (E.D.Va.2004) (holding that ERISA preempted plaintiff's state law claim for breach of contract).

Finally, plaintiff's claims are not capable of resolution without an interpretation of the ERISA plan. In order to resolve plaintiff's claims, the court must examine the terms of the plan and policy to see if she had a contractual right or expectancy, whether the plan or policy was breached, and whether defendant's conduct was improper. *See Smith*, 363 F.Supp.2d at 812 (discussing the court's analysis of plaintiff's tortious interference claim). Interpretation of the ERISA plan is central to the court's resolution of this matter, as plaintiff seeks the funds provided for in the policy. As a result, this court holds that plaintiff's claims are not governed by a legal duty independent of the ERISA plan and that plaintiff's claims fall within the scope of § 502(a). Therefore, ERISA completely preempts plaintiff's state law claims and removal is proper.[5]

---

**5.** This court also finds plaintiff's arguments for discretionary remand under 28 U.S.C. § 1441(c) and summary remand under 28 U.S.C. § 1446(c)(4) unpersuasive. Although plaintiff cited the wrong section, § 1444(c), in her motion to remand, the correct section for discretionary remand, § 1441(c), provides that "[w]henever a separate and independent

claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which

## B. Motion to Dismiss

Having removed on the basis of federal question jurisdiction, LINA now asks this court to dismiss the complaint on the basis that plaintiff has presented only state law causes of action, which are preempted by ERISA.

### 1. Standard of Review

 The Fourth Circuit has held that a motion to dismiss under Rule 12(b)(6) should only be granted in "very limited circumstances." *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989). A complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears to a certainty that the nonmoving party cannot prove any set of facts in support of its claim that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court must accept the complaint's factual allegations as true and view all allegations in a light most favorable to the nonmoving party. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Thus, plaintiff's failure to specifically "identify the provision permitting recovery is not fatal." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir.1991).

### 2. Conversion of Plaintiff's State Law Claims Against LINA to an ERISA Claim

Even though LINA removed this action based on ERISA preemption, it now argues that this court should dismiss plaintiff's claims because plaintiff only sought recovery of damages under state law causes of action. In essence, LINA argues that, because plaintiff's complaint seeks recovery based solely on state law causes of action, such claims are preempted by ERISA and should be dismissed.

 In the ERISA context, various courts have concluded that if ERISA completely preempts state law claims, "a 'complaint states an ERISA claim without expressly pointing to the ERISA' statute when a plaintiff seeks to recover ERISA-governed benefits." *Reisch–Elvin v. Provident Life and Accident Ins. Co.*, 372 F.Supp.2d 827, 831 (E.D.Va.2005) (quoting *Vickery v. United Med. Res., Inc.*, 43 F.3d 1208, 1209 (8th Cir.1994) and citing *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir.1995); *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992); *Carland v. Metro. Life Ins. Co.*, 935 F.2d 1114, 1119 (10th Cir.1991); *Ackerman v. Fortis Benefits Ins. Co.*, 254 F.Supp.2d 792, 815 (S.D.Ohio 2003); *Murphy v. Metro. Life Ins. Co.*, 152 F.Supp.2d 755, 758 (E.D.Pa.2001)).

 In fact, this court has noted that "several courts have observed, a defendant cannot have it 'both ways' by advocating first for removal because ERISA governs the claim and then arguing that an ERISA claim has not been stated, requiring it to be dismissed because it is preempted by ERISA." *Reisch–Elvin*, 372 F.Supp.2d at 831 (citing *Vickery*, 43 F.3d at 1210 (Hansen, J., concurring)). Thus, "[w]hen a plaintiff asserts a state claim governed by ERISA, 'a defendant cannot remove an action on the basis that it states a claim

State law predominates." Because this court finds that all of plaintiff's state law claims are preempted by ERISA, it will not remand under this provision. Furthermore, § 1446(c)(4) provides that "[t]he United States district court in which such notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Finding no defect on the face of LINA's notice of removal, this section also does not warrant remand.

under ERISA, and then move to dismiss on the basis that it is preempted by ERISA, the very statute which gave it life.'" *Id.* (quoting *Ackerman*, 254 F.Supp.2d at 815). "'ERISA cannot be both the match which sparks a claim's fire and the bucket of water used to extinguish it.'" *Id.* (quoting *Ackerman*, 254 F.Supp.2d at 817).

▇ Therefore, as the Fourth Circuit has expressly stated,

> when a claim under state law is completely preempted and is removed to federal court because it falls within the scope of § 502, the federal court should not dismiss the claim as preempted, but should treat it as a federal claim under § 502. What was a state claim for breach of contract becomes a federal claim for the enforcement of contractual rights under § 502(a)(1)(B).

*Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 195 (4th Cir.2002). In such a case, this court has provided that "it would be 'overly formalistic' to hold that the plaintiff has failed to state a claim under ERISA." *Reisch–Elvin*, 372 F.Supp.2d at 832; *see Davis v. Adelphia Commc'ns Corp.*, No. 2:06cv003, 2006 WL 167906, *1 (W.D.Va. Jan. 22, 2006). Thus, this court **DENIES** LINA's motion to dismiss with respect to the claims asserted against LINA and **CONVERTS** plaintiff's four state law claims against LINA into an ERISA claim under § 502(a).[6] Because

this court has determined that there is no such entity as CIGNA Group Insurance Companies,[7] the court **GRANTS** LINA's motion to dismiss CIGNA Group Insurance Companies as a party to this action. Accordingly, the court **GRANTS–IN–PART** and **DENIES–IN–PART** LINA's motion to dismiss.

### C. Motion for Leave to Amend

Plaintiff seeks leave to amend its complaint to add a "cause of action for recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B) and for breach of fiduciary duty under 29 U.S.C. §§ 1104, 1105, 1109, and 1132(a)." Pl.'s Br. in Supp. of Mot. for Leave to Amend at 4. In addition, plaintiff seeks leave to amend her complaint to add "a claim for the recovery of attorneys' fees and costs under 29 U.S.C. § 1132(g)(1), as well as an award of interest." *Id.* LINA "does not oppose plaintiff's motion to the extent that plaintiff seeks leave to amend her complaint to allege a claim based solely on [ERISA]." Def.'s Br. in Opp'n to Pl.'s Mot. for Leave to Amend at 1. LINA opposes, however, plaintiff's inclusion of any state law claims in the amended complaint that have been completely preempted.[8] *See id.*

▇ The decision to grant a party leave to amend its pleadings rests with the sound discretion of the district court. *See Sandcrest Outpatient Servs. v. Cumberland County Hosp. Sys.*, 853 F.2d 1139,

---

**6.** Even though plaintiff moved to remand, arguing that ERISA did not apply to EPRI's group insurance policy, she did not prevail on this argument. Further, in her response to LINA's motion to dismiss, she urged this court to convert her state law claims to an ERISA-based claim instead of dismissing them. Pl.'s Br. in Opp'n to Mot. to Dismiss at 4–5; *see supra* note 4 and *infra* note 8.

**7.** *See supra* notes 1 and 2.

**8.** Along with plaintiff's motion for leave to amend, plaintiff submitted a proposed amend-

ed complaint, which not only includes claims under ERISA as counts one, two, and three, but also repeats state law claims for breach of contract (count four), promissory estoppel (count five), equitable estoppel (count six), tortious interference with contractual relations and prospective economic advantage (count seven), and bad faith (count eight). It is the repeated assertion of these state law claims, which ERISA preempts, upon which LINA objects.

1148 (4th Cir.1988). Nevertheless, the Supreme Court has stated that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (quoting FED. R. CIV. P. 15(a)).

■ Because the parties essentially agree that an amendment is appropriate as to the ERISA claims and the court finds that the interests of justice support such an amendment, the court **GRANTS** plaintiff's motion for leave to amend its complaint, but only for the limited purpose of stating specific claims against LINA under ERISA. This court has found that plaintiff's four state law causes of action against LINA have been completely preempted and therefore, plaintiff should not assert those same claims in the amended complaint. In addition, there is no legal entity of CIGNA Group Insurance Companies against which plaintiff's claim of tortious interference with contractual relations and prospective economic advantage can proceed. Accordingly, this court **DIRECTS** that plaintiff has twenty (20) days from the date of this Memorandum Opinion to file an amended complaint.

### III. Conclusion

For the reasons stated above, plaintiff's motion to remand is **DENIED**, LINA's motion to dismiss is **GRANTED–IN–PART** and **DENIED–IN–PART**, and plaintiff's motion for leave to amend is **GRANTED**.

The Clerk is **DIRECTED** to send a copy of the Memorandum Opinion to counsel for all parties.

**IT IS SO ORDERED.**